39 C.C.P.A. (Patents)
**Application of WALKER.**

**Patent Appeal No. 5925.**

United States Court of Customs
and Patent Appeals.

March 27, 1952.

Almon S. Nelson, Washington, D. C., for appellant.

E. L. Reynolds, Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

WORLEY, Judge.

This is an appeal from the decision of the Commissioner of Patents refusing to extend the life of Letters Patent No. 2,200,-349, granted May 14, 1940, as sought by appellant under the provisions of Public Law 598, 81st Congress (2nd Session), 35 U.S.C.A. § 115. The pertinent portions of that statute read as follows:

"Any person who served honorably in the military or naval forces of the United States at any time between December 7, 1941, and September 2, 1945—

"(a) who is the inventor or discoverer of an invention or discovery for which a patent was granted to him prior to September 2, 1945, the original term of which had not expired prior to said date and which is still owned by him, or who was prior to said date and continuously thereafter the sole owner of a patent for an invention or discovery which had not expired prior to said date; and

"(b) who, between December 7, 1941, and the date of the termination of his service but not later than June 30, 1950, was not receiving income from said patent or patented invention or discovery; or whose income therefrom was substantially reduced as a result of his said service or

because of the war, may obtain an extension of his patent for the term specified herein, upon application to the Commissioner of Patents within one year after June 30, 1950, and upon complying with the provisions of sections 115–118 of this title. The period of extension of such patent shall be a further term from the expiration of the original term thereof equaling twice the length of the portion of his said service between the dates of December 7, 1941, and September 2, 1945, during which his patent was in force."

In order to come within the provisions of the above statute, appellant must, of course, offer competent testimony to establish his eligibility. It appears that he entered the service May 18, 1942, as a Captain in the Research and Development Division, Office of Chief of Ordnance, and was discharged on December 1, 1945, as a Lieutenant Colonel. It further appears that he served as liaison ordnance officer with the National Inventors Council and the Army and Navy Patent Advisory Board during that period of time, presumably in Washington, D. C. As a matter of fact, in his brief counsel for the Government states that appellant has previously been awarded extensions of time on twenty-four other patents owned by him; consequently, his eligibility to apply for an extension is not questioned save in one respect; namely, does the evidence offered by appellant justify holding him to be one " * * * whose income * * * was substantially reduced as a result of his said service or because of the war * * *."

In support of his contention that his income was reduced, within the meaning of the statute, appellant offered the following table reflecting his income from the involved patent during the war years 1941–1945 in addition to the years 1946 and 1947:

| | |
|---|---|
| 1941 | $ 219.36 |
| 1942 | 153.32 |
| 1943 | 3,186.15 |
| 1944 | 7,309.39 |
| 1945 | 16,906.79 |
| 1946 | 23,068.43 |
| 1947 | 37,290.80 |

Based on the above schedule appellant contends

" * * * The applicant was separated on December 1, 1945 so that roughly the year 1945 represents his last year in the service, and in this year he received $16,906.79. The following year when he was free to promote and exploit and actively engage in a licensing program he received $23,068.43. Thus it will be seen that immediately after the war the applicant increased his royalties by the amount of $6,161.64. In the year 1947 he received $37,290.80, representing an increase of $14,222.37. It is believed to be obvious that where such a material gain in receipts follows immediately after applicant's release from the service that he falls within the words of the Statute; namely, that his income was substantially reduced.

"It certainly must be admitted that when the applicant can make $37,000.00 during the course of one year as distinguished from $153.00 or even $16,000.00 that he had his income substantially reduced as a result of his service.

"The facts, which are not in controversy, show that if the applicant had not entered the military service he could have been making between $23,000.00 and $37,000.00 per year during the war years. This can mean nothing other than having his income substantially reduced."

The Commissioner of Patents disagreed with appellant's contention and denied the application, pointing out that the evidence showed a greater proportionate increase in income during the war than after the war and, consequently, did not believe it had been satisfactorily established that there had been any substantial reduction in appellant's income due either to the war or to appellant's service in the armed forces.

Before us appellant renews his contention and again points out that "The facts which are not in controversy show that if the appellant had not entered the military service he could have been making between $23,000.00 and $37,000.00 per year during the war years. * * *"

We do not find in the record where such facts were shown or admitted. In the

absence of clearer proof than that submitted, appellant's contention, in our opinion, is not an established fact but merely a conjecture.

The record is clear that appellant's income from the involved patent climbed steadily during the war years save for one decline in 1943. When the facts are undisputed, as here, that appellant's income increased from $219.36 in 1941 to $16,906.79 in 1945, it is impossible for us to conclude that Congress intended the above statute to apply to a case such as this.

The statute clearly says "substantially reduced" and "reduced" means

"* * * 2. To diminish in value, size, quantity, dimensions, or the like; as, to *reduce* expenses; to *reduce* a business one-half. 3. To bring from a higher to a lower condition; * * *" (Italics quoted.) Funk & Wagnalls New Standard Dictionary.

Here the undisputed facts show that appellant's income from the involved patent was substantially increased, not reduced; therefore, we must concur with and do hereby affirm the decision of the Commissioner of Patents.

Affirmed.